UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CONNECTIVITY SYSTEMS, LLC,

                          Plaintiff,

            - against -

THE TOWN OF RAMAPO,

                        Defendant.
------------------------------------------------------------------------x

**ORDER**

No. 20-CV-5251 (CS) (AEK)

Seibel, J.

      Before the Court are Plaintiff's objections, (ECF No. 90 ("Obj.")), to Magistrate Judge Andrew E. Krause's November 30, 2021 oral order, (*see* ECF No. 90-3 ("Tr.") at 17, 22-24; ECF No. 91), denying Plaintiff's motion for sanctions against Defendant for discovery violations, (ECF No. 87).  Familiarity with the proceedings before the Magistrate Judge is presumed.

      Federal Rule of Civil Procedure 72(a) provides that a district court must "modify or set aside any part of [a magistrate judge's] order [on a nondispositive matter] that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A).  The denial or grant of a motion for discovery sanctions is such a nondispositive matter.  *See Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, 768 F. App'x 141, 142 (2d Cir. 2019) (summary order); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *Linde v. Arab Bank, PLC*, No. 04-CV-2799, 2020 WL 5200924, at *1 n.1 (E.D.N.Y. Sept. 1, 2020).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  A ruling is "contrary to law" if the magistrate judge "failed to apply or misapplied relevant statutes, case law or rules of procedure."  *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y.

2011) (cleaned up).  "It is well-settled that a magistrate judge's resolution of a nondispositive

matter should be afforded substantial deference and may be overturned only if found to have

been an abuse of discretion."  *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007)

(cleaned up).  This "highly deferential" standard "imposes a heavy burden on the objecting

party."  *United States v. Williams*, 339 F. Supp. 3d 129, 133 (W.D.N.Y. 2018).

Plaintiff's objections are notable in two respects.  First, they make not even a passing

mention of the legal standards applicable to objections to discovery rulings by Magistrate Judges.

Second, they seek relief Plaintiff never sought before Judge Krause.  There Plaintiff asked for

costs and fees related to Defendant's discovery derelictions, (ECF No. 87 at 5), and here it asks

for adverse inferences and even the striking of the answer and the granting of judgment in its

favor, (ECF No. 90 at 15-16).  But arguments not raised before the Magistrate Judge are waived.

*See Grand River Enters. Six Nations, Ltd. v. King*, No. 02-CV-5068, 2009 WL 1360686, at *3

(S.D.N.Y. May 15, 2009) (party's failure to "present timely arguments, case law, or evidentiary

materials" to magistrate judge deprives magistrate judge of "opportunity to rectify any alleged

errors" and waives party's right to present those arguments or materials to district court on appeal

from the magistrate judge's nondispositive order) (cleaned up); *Robinson v. Keane*, No. 92-CV-

6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) (issues not raised before and therefore

not addressed by magistrate judge may not properly be deemed "objections" to magistrate

judge's ruling); *Abu-Nassar v. Elders Futures, Inc.*, No. 88-CV-7906, 1994 WL 445638, at *5

n.2 (S.D.N.Y. Aug. 17, 1994) (if district court were to consider untimely contentions, it would

unduly undermine authority of magistrate judge by allowing litigants the option of waiting to

advance additional arguments after report issued).  Indeed, the objection reads more like an effort

to dirty up Defendant in the Court's eyes – perhaps by highlighting that Defendant continues to

employ an individual who I found to be incredible in unrelated litigation, *see Nat'l Ass'n for Advancement of Colored People, Spring Valley Branch v. E. Ramapo Cent. Sch. Dist.*, 462 F. Supp. 3d 368, 396 (S.D.N.Y. 2020), *aff'd sub nom. Clerveaux v. E. Ramapo Cent. Sch. Dist.*, 984 F.3d 213 (2d Cir. 2021), and by referring to dubious testimony by Town employees on issues unrelated to the matter at hand – than a genuine effort to explain how Judge Krause's decision is clearly erroneous or contrary to law.

In any event, Plaintiff has not shown that Judge Krause – who "is well acquainted with the entire course of discovery in this case," *Ehret v. New York City Dep't of Soc. Servs.*, 102 F.R.D. 90, 92 (E.D.N.Y. 1984) – abused his discretion in denying less drastic relief than Plaintiff now seeks.  Judge Krause found Defendant mostly at fault because defense counsel inexplicably failed to educate themselves about their client's email storage and thus never caused a search of the Town's email archives, and because the wording of their discovery responses gave the erroneous impression that they were producing everything responsive to an overbroad request, rather than specifying what they had and had not searched and produced.  (Tr. at 9-17, 19, 22-23.)  He also found some fault on Plaintiff's part for propounding overbroad requests and for not raising sooner the fact that Defendant's production was incomplete, which Plaintiff should have known because it possessed responsive emails that Defendant had not turned over.  (Tr. at 9-10, 13-15, 18.)  That strikes me as a fair and accurate summary of the state of affairs.  While it is somewhat shocking that a law firm that routinely represents municipalities – or, frankly, any moderately sophisticated lawyer in this day and age – did not make any effort to determine if emails were archived or backed up anywhere, there is no record basis to conclude that defense counsel's failure to do so here was anything but a lapse in competence, perhaps combined with unmerited confidence in the client.  Given Judge Krause's accurate observations that "there were

things that should have been done differently on both sides," (Tr. at 17), and that Defendant's

immediate, extensive and costly efforts to remedy the problem suggested a mistake rather than

bad faith, (Tr. at 23-24), his conclusion that Defendant had not acted in bad faith and that there

was no need for sanctions, (Tr. at 17, 23-24), was not an abuse of discretion.

Accordingly, Plaintiff's objections are overruled and Magistrate Judge Krause's

November 30, 2021 decision is AFFIRMED.

**SO ORDERED.**

Dated: January 24, 2022
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.